Blanchard v. Hatch.

MARY A. BLANCHARD, Respondent, v. SARAH M. HATCH *et al.*,
Appellants.

*Justices' Courts—Appeals.*—A non-resident of the county against whom a judg-
ment by default is rendered by a justice of the peace, must move to set
aside the judgment within ten days from its rendition. The provision
allowing the non-resident twenty days further in which to take his appeal, by
§ 3, art. 9, Justices' Courts, R. C. 1855, p. 671, does not apply to the appli-
cation for setting aside the default.

*Appeal from Law Commissioner's Court.*

*George Marshall,* for appellant.

I. The appellants being non-residents, and that fact being
shown, they were entitled to twenty days within which to
appeal.  (R. C. 1855, p. 971, § 3.)

II. If the statute allowed a non-resident twenty days to
appeal, the privilege thereby granted carried with it all
means and powers necessary to carry out that privilege.

*Goodlett* and *Mantz,* for respondent.

An appeal will not lie from a judgment by default before
a justice of the peace, unless within ten days after rendition
application shall have been made to set the same aside.  (R.
C. 1855, p. 971, § 2.)

BATES, Judge, delivered the opinion of the court.

Plaintiff sued defendant before a justice, and got judgment
by default.   More than ten days thereafter defendant moved
the justice to set aside the judgment by default, and showed
that he was a non-resident of the county.   The justice over-
ruled the motion, and the defendant took an appeal to the
Law Commissioner's Court.   The Law Commissioner, on
plaintiff's motion, dismissed the appeal because the motion
to set aside the judgment by default was not made in ten
days after the judgment, and the defendant appealed to this
court.

The second section of the ninth article of the act regulating proceedings in justices' courts (2 R. C., 971) provides that no appeal shall be taken from a judgment by default, unless within ten days after the rendering of such judgment application shall have been made to the justice to set it aside and he shall have refused.

The third section provides that no appeal shall be allowed unless it be made within ten days after the judgment rendered, or when judgment is by default, within ten days after the refusal of the justice to set it aside; "but if a non-resident of the county where the suit shall be instituted, the party shall in all cases of appeal allowed by this act have twenty days to make such appeal." The extension of time to non-residents is of the time within which they may take appeals, and not of the time within which they may apply to have judgments by default set aside, which is an entirely distinct matter, and provided for in a different section of the act.

If the defendant had within ten days from the judgment by default made application to have it set aside, he would have had twenty days from the time his application was refused within which to take his appeal, but he has not twenty days within which to apply to have the judgment set aside.

Judgment affirmed.